**NEUBAUER et al.   v.   LEE.**

No. 15531.

Court of Civil Appeals of Texas.

Fort Worth.

April 23, 1954.

Davenport & Anderson, Henry J. Anderson, Wichita Falls, for appellants.

Bullington, Humphrey, Humphrey & Fillmore, H. W. Fillmore, Wichita Falls, for appellee.

BOYD, Justice.

On June 17, 1949, in Cause No. 45,766–B, styled Daphne Lee v. L. B. Lee, the 78th District Court entered a judgment divorcing the parties and adjudicating the custody of their daughter. On December 30, 1953, L. B. Lee filed a petition, which was given the same file number as the prior suit, praying for a modification of the custody order. On December 31, 1953, Daphne Lee, then Daphne Neubauer, and her husband, Gordon Neubauer, appeared and the cause proceeded to trial. At the conclusion of the hearing the court indicated that he would modify the previous custody order, granting L. B. Lee more rights of custody than he had under the first order; but the judgment of the court was not entered until January 18, 1954. Custody of the child was left with L. B. Lee from the time of the hearing. On January 16, 1954, Daphne Neubauer, as next friend of her daughter, joined by her husband, filed in the 78th District Court an application for a writ of habeas corpus, alleging that the child was being unlawfully restrained of her liberty by L. B. Lee; that since December 31, 1953, there had occurred a change of conditions regarding the custody of the child, which constituted new and reasonable grounds to reconsider the matter of her custody; and that, in the alternative, the applicants would show that an appeal is being taken from the order of the 78th District Court "entered December 31st, 1953, in Cause No. 45,766–B, and that this court should place the parties in the same positions that they were in prior to the issuance of said order; * * *."

A District Judge other than the Judge hearing the proceeding of December 31, 1953, issued the writ of habeas corpus, ordering L. B. Lee to appear before the 78th District Court on January 21, 1954, and show cause why the child should not be returned to her mother.

L. B. Lee filed a plea in abatement, alleging that his suit for modification of the original custody order was still pending in that court, and that although a judgment had been entered in that proceeding, the applicants for the writ of habeas corpus had ample time to file a motion for new trial in that cause, and to appeal from that judgment; and that therefore there was pending a cause of action involving the same subject matter between the same parties. This plea in abatement was sustained, and Daphne Neubauer and Gordon Neubauer have appealed.

On the day this cause was submitted in this court, appellants filed a certificate by the Clerk of the 78th District Court stating that no motion for new trial had been filed, no notice of appeal had been given, and no appeal had been taken from the judgment entered on January 18, 1954.

We have concluded that it is unnecessary to determine whether the plea in abatement was improvidently sustained, since it clearly appears that there is now no prior cause of action pending between the same parties and involving the same subject matter. The judgment of January 18, 1954, is final,

and disposed of the case, and it is no longer a bar to the prosecution of a cause of action involving a change of conditions regarding the custody of the child occurring since the last adjudication.

The controversy before us being moot, the appeal is dismissed.